TERRELL GRAIN & MERCANTILE CO. v. YOUNG.

(Court of Civil Appeals of Texas. Dallas. Dec. 21, 1912.)

FRAUDULENT CONVEYANCES (§ 47*)—SALE OF STOCK IN BULK—NOTICE TO CREDITORS.

Where a trustee of a stock of goods belonging to an insolvent, preferring certain creditors to the exclusion of others, sold the stock, the sale was void under Rev. Civ. St. 1911, art. 3971, regulating sales of stock of merchandise for failure of the purchaser to inquire as to the names of the creditors, and notify them of such intended purchase.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. § 47.*]

Appeal from Kaufman County Court; Thomas R. Bond, Judge.

Action by B. N. Young against the Terrell Grain & Mercantile Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Dashiell, Crumbaugh & Coon, of Terrell, for appellant.

RAINEY, C. J. Freeman Bros. owned a small stock of merchandise, and, being in a failing condition, transferred said stock to E. R. Bumpass as trustee for the benefit of certain preferred creditors. Freeman Bros. were indebted on judgment to the appellants herein, and the effect of said deed of transfer was to exclude from payment appellant's claim. E. R. Bumpass, as said trustee, sold said stock of merchandise to appellee, re-

ceiving from appellee the value thereof. Appellant caused an execution issued by virtue of its judgment against Freeman Bros. to be levied on said stock, had it sold by the constable, and the same bought in, and the amount bid credited on its judgment. This suit was brought by appellee against appellant, the constable, and his sureties to recover the value of said stock of merchandise, and appellee recovered judgment for said amount.

Appellant contends, in effect, that the transfer of the stock of merchandise to Bumpass as trustee and the sale thereof to appellee Young was a nullity, and in violation of R. S. 1911, art. 3971, regulating sales of stock of merchandise in whole or part. Said statute provides, in effect, that a contemplated purchaser of such a stock shall at least 10 days before the sale is consummated make inquiry of the owner the names and places of residence of all his creditors, and then that such creditors shall be notified of such contemplated purchase, etc., otherwise such sale will be void. Appellee, Young, in no way complied with these provisions of the statute, but disregarded them in making the purchase, and we see no way to affirm this case than to hold that said statute does not apply under the circumstances of the case. This ought not to be done, because the transfer of the goods by Freeman Bros. was a preferential transfer, preferring other creditors to the exclusion of appellant, causing said transfer to be fraudulent and void as to it, in so far as protecting the goods from the seizure, and sale under execution issued by virtue of a valid and subsisting judgment held by appellant against Freeman Bros. Bumpass, as trustee, as against appellant, had no greater right to sell the goods than did Freeman Bros., and appellee stands in the same position as though no transfer had been made, and the goods bought direct from Freeman Bros.

We see no reason for remanding the case for another trial, and therefore the cause is reversed, and judgment here rendered for appellant.